People v Dressner (2019 NY Slip Op 02213)





People v Dressner


2019 NY Slip Op 02213


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


209 KA 17-00946

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACKARY S. DRESSNER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered March 9, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. The record establishes that defendant, while employed as the senior pastor of a church and the principal of a school for children, possessed images and videos of child pornography. From a computer in his home, defendant used a peer-to-peer file sharing program to offer and receive the child pornography. Under the SORA guidelines, defendant's score on the risk assessment instrument resulted in a presumptive risk level one classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines] at 3 [2006]). It is well settled, however, that a court may grant an upward departure from a sex offender's presumptive risk classification when the People establish, by clear and convincing evidence (see § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]), the existence of "an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Guidelines at 4). We conclude that the court's determination to grant the People's request for an upward departure is based on clear and convincing evidence of aggravating factors not adequately taken into account by the risk assessment guidelines (see People v Lattimore, 50 AD3d 1604, 1605 [4th Dept 2008], lv denied 10 NY3d 717 [2008]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court